## CITY OF BANGOR *versus* THE INHABITANTS OF HAMPDEN.

A., and his wife and children, while residing in Bangor, were furnished with supplies as paupers; the husband having no settlement in the State, and the wife and children having their settlement in the town of Hampden. *Held*, that the latter town was liable for such part of the supplies as were used by the wife and children, but not for such as were used by the husband.

In order for one town to recover in an action against another town for supplies to paupers, the jury must be satisfied that the alleged paupers had fallen into distress, and needed immediate relief, and that the supplies furnished were necessary.

What may have been the cause of their distress and want in such case, is immaterial.

MOTION FOR NEW TRIAL. From *Nisi Prius*, CUTTING, J., presiding.

This was an action of ASSUMPSIT for supplies furnished Charles Robinson, Anna Robinson, his wife, Jane M., Enoch L., Richard J., and Charles H. Robinson, minor children of Charles and Anna.

It was admitted that Charles Robinson had no settlement in this State; that his wife and the four children had their settlement in Hampden; and that the supplies were furnished to the family.

*Doct. G. B. Morrison*, called by plaintiffs, testified that he had known the Robinson family since February, 1849; knew them first in Hampden; had been called frequently to attend the family, and had attended them as city physician of Ban-

gor. The family were always poor. He was never there when he did not think they needed some assistance.

*Joseph N. Downe,* called by plaintiffs, testified to the sickness of Mrs. Robinson.

*Charles Hayward,* overseer of the poor of Bangor, testified that he had officially notified the overseers of Hampden to take the family away.

*Mrs. Anna Robinson,* one of the alleged paupers, called by the defendant town, testified that her husband was very sick; had been sick eight years; had done no labor during that time of any amount, and had earned nothing. She and her children had supported the family, except what assistance had been rendered by the plaintiffs. She also testified that the supplies were necessary, and that they lived as prudently as they could.

The presiding Judge instructed the jury that they must be satisfied that the persons alleged to be paupers had fallen into distress and stood in need of immediate relief, and that the supplies furnished were necessary for their maintenance and support; that if they were in such a situation, it was immaterial for what cause, whether through their own fault or the misconduct of the husband and father; and that the defendants in such case would be liable for such part of the supplies as was used by the wife and children, but not for what was consumed by the husband.

The verdict was for defendants. Whereupon the plaintiffs moved for a new trial.

*A. Waterhouse,* for plaintiffs.

*J. A. Peters,* for defendants.

APPLETON, J. — The rulings of the presiding Judge were correct. No exceptions are taken thereto. The verdict was in plain and palpable disregard of the whole evidence, and is utterly unsupported by proof.          *New trial granted.*

TENNEY, C. J., and HATHAWAY and GOODENOW, J. J., concurred.

RICE, J., did not sit.